COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-171-CR

JOHN WESLEY COLLINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Wesley Collins entered an open plea of guilty to the offense of possession of a controlled substance with intent to deliver.  The trial court conducted a punishment hearing and, following the hearing, sentenced Collins to thirty-five years’ confinement.  In a single point, Collins argues that his trial counsel was ineffective at the punishment hearing for failing to object to inadmissible extraneous offense evidence describing him as a “manufacturer” of gamma hydroxybutyric acid (“GHB”).
(footnote: 2)  We will affirm.

Collins’s presentence investigation report details the facts surrounding his arrest.  It states that a confidential informant advised authorities that Collins had a quantity of GHB for sale.  Law enforcement officers working with the confidential informant thereafter performed a “buy bust” operation and arrested Collins, who possessed 4,180.68 grams of GHB at the time of the arrest.  
A grand jury subsequently indicted Collins for possessing with the intent to deliver a controlled substance in an amount of 400 grams or more.

Collins testified at the punishment hearing that this was the first time that he had engaged in this type of narcotics activity and that he had attempted to sell the GHB because he was late paying his bills.  He admitted that he was guilty of two felony charges pending in Dallas for unauthorized use of a motor vehicle, testified that he was taking full responsibility for the decision he made to possess GHB with the intent to deliver it, and asked the trial court to sentence him to probation.

An investigator with the Denton County Sheriff’s Office who served as the lead officer on Collins’s case testified as a rebuttal witness for the State.  The investigator testified that GHB is used as a date rape drug, among other things, and that 4,180.68 grams was “a lot.”  The investigator testified that, as part of the investigation leading up to Collins’s arrest, he had learned several things about Collins through interviews with the confidential informant and others.  The following exchange occurred:

[Prosecutor]: And based on your investigation, what did you know about the defendant?

[Investigator]: We had spoken to the [confidential informant] about Mr. Collins prior to, and we knew through interviewing him and some other people that Mr. Collins was a dealer of GHB, 
and a manufacturer of it as well
.

[Prosecutor]: And a manufacturer?

[Investigator]: Yes.

[Prosecutor]: So not just a, whoops, this is a first time; I need to make some money.

[Investigator]: That’s correct.  [Emphasis added.]

The prosecutor recounted the investigator’s testimony during closing argument when he stated that Collins was a “manufacturer, according to the information that the detective had in the case.”  The trial court accepted Collins’s guilty plea, found Collins guilty, and sentenced him to thirty-five years’ confinement.
(footnote: 3) Collins contends that the unobjected-to evidence describing him as a manufacturer of GHB “allowed the State to argue that [he] should be punished for manufacturing GHB in addition to the instant offense.”  He argues that the evidence was inadmissible, that the record supports a finding of deficient performance by trial counsel, and that there is a reasonable probability that the unobjected-to evidence contributed to the “increased punishment” that he received.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that 
his
 counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813–14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id
. (quoting 
Thompson
, 9 S.W.3d at 813).  It is not appropriate for an appellate court simply to infer ineffective assistance based upon unclear portions of the record.  
Mata v. State
, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Generally, an isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel.  
See Ingham v. State
, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984); 
see also Scheanette v. State
, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (stating that an ineffective assistance claim must “be firmly founded in the record”), 
cert. denied
, 543 U.S. 1059 (2005)
.  Where the record is silent as to counsel’s reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably.  
Thompson
, 9 S.W.3d at 814.  However, a single egregious error of omission or commission by counsel may constitute ineffective assistance.  
Id.
 at 813; 
see Andrews v. State
, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005) (holding that record was sufficient to allow decision on merits and that counsel rendered ineffective assistance by failing to object to prosecutor’s misstatement of law).

Here, Collins did not file a motion for new trial, and he candidly admits that the record is undeveloped.  Indeed, the record is silent as to his trial counsel’s reason for not objecting to the allegedly inadmissible testimony describing Collins as a manufacturer of GHB.  This alleged error in counsel’s performance is an act of omission, which is particularly ill-suited to review on direct appeal because the reason for counsel’s omission is not reflected in the record.  
See Thompson
, 9 S.W.3d at 814.  Collins has thus failed to rebut the strong presumption that his trial counsel’s decision not to object to the complained-of portion of the investigator’s testimony fell within the wide range of reasonable professional assistance.  
See 
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Thompson
, 9 S.W.3d at 814.  Moreover, this is not one of those rare cases in which the record is sufficient to reflect counsel’s ineffectiveness because, for example, there can be no reasonable trial strategy in failing to assert an objection to the testimony elicited by the State.  
See Andrews
, 
159 S.W.3d at 103.
  As the State points out, “[h]ad Appellant’s counsel pursued an objection under any of the three theories argued in this appeal, the State might have chosen to introduce the evidence directly through the confidential informant and/or other persons who had advised authorities of Appellant’s reputation for manufacturing GHB.”  Consequently, “[n]ot provoking the State into putting on witnesses whose testimony could be damning to a client would be logically consistent with a well-considered trial strategy, not deficient representation.” 
 We overrule Colllins’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED:  January 17, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
GHB is a Penalty Group 1 controlled substance.  
Tex. Health & Safety Code Ann.
 § 481.102(9) (Vernon Supp. 2007).

3:
The punishment range for the offense is life imprisonment or a term of not more than 99 years or less than 15 years’ imprisonment.  
See 
T
ex. Health & Safety Code Ann.
 § 481.112(f).